## Case No. 15,320.

### UNITED STATES v. HARVEY.

[Brun. Col. Cas. 540; [1] 8 Law Rep. 77.]

Circuit Court. D. Maryland. April, 1845.

#### CRIMINAL LAW—OBSTRUCTION OF THE MAIL.

A warrant in a civil suit against a mail carrier is no justification to the officer executing it, on an indictment for obstructing the mail.

[Cited in U. S. v. Three Railroad Cars, Case No. 16,513; U. S. v. Sears, 55 Fed. 270.]

[Cited in Penney v. Walker, 64 Me. 434.]

James Harvey was indicted at the April term, 1845, of the circuit court of the United States for the district of Maryland for an illegal detention of the mail. The indictment charged, in the first count, "that the said Harvey did, on the 13th day of December, 1844, at the district aforesaid, knowingly and wilfully retard the progress of the mail of the United States, contrary to the form of the act," etc. The second and third counts charged that "said Harvey did arrest and detain a certain Stephen B. Miles, then and there being a carrier of the said mail, and then and there being in the due execution of his duty as such carrier, and thereby did, knowingly and wilfully, retard the passage," etc. It appeared from the evidence that the traverser was a constable of Harford county, Maryland; that he had arrested the carrier by virtue of a warrant in an action of trespass quare clausum fregit, issued by, and returnable before, a justice of the peace of said county; that said justice had jurisdiction in the case; and that the carrier was actually engaged in carrying the mail at the time of the arrest. The traverser took the carrier to the justice, who lived near the route he was traveling. The traverser was ignorant of the law of congress, and did not detain the carrier longer than was necessary for the execution of the warrant. The detention was but a short time, and the carrier got to the next office (Bel-air) at his usual hour.

Upon these facts the counsel for the traverser prayed the court for the following instructions to the jury: (1) That the traverser, being a ministerial officer, was justified by the warrant in making the arrest. (2) That if the warrant did not justify the arrest, yet the traverser, being ignorant of the law of congress, and having acted bona fide throughout, according to what he conceived to be his duty, did not "knowingly and wilfully" obstruct the passage of the mail according to the sense in which the latter term is used in

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

the act. In support of the first prayer he cited Act Assem. Md. 1715, c. 15, § 6; Sewell, Sher. 46; Law Lib. 98, 99, 437; Wats. Sher. 7; Law Lib. 53, 99, 131; Tarlton v. Fisher, 2 Doug. 671; Petersd. Bail. 10; Law Lib. 130; Nicols v. Thomas, 4 Mass. 234; Sandford v. Nichols, 13 Mass. 288; Sperry v. Willard, 1 Wend. 32, 33; Secor v. Bell, 18 Johns. 52; Ray v. Hogeboom, 11 Johns. 433; Com. v. Kennard, 8 Pick. 137; Ontario Bank v. Hallett, 8 Cow. 193, 194; 6 Gill & J. 412; U. S. v. Hart [Case No. 15,316]. In support of second prayer, he cited Dwar. St. 9; Law Lib. 658–695, 702, 736–738, 743, 756. To show the legal sense of the term "wilfully," he referred to 2 Russ. Crimes (5th Am. Ed.) 594, 597, 631; 6 Bin. 261; Hawk. P. C. bk. 1, c. 69, § 2; 3 Burn, J. P. 251; McNal. Ev. 635.

The counsel for the prosecution relied upon U. S. v. Barney [Case No. 14,525].

The counsel for the defendant, in reply, contended that the case of U. S. v. Barney was not analogous. It was the case of an innkeeper detaining horses employed in carrying the mail, for feed furnished. The defendant in that case was not a ministerial officer. There was no warrant directing him to detain the horses. He detained them by his own voluntary act.

William L. Marshall, U. S. Dist. Atty.
Coleman Yellott, for the traverser.

After hearing the argument on the prayers, THE COURT (TANEY, Circuit Justice, and HEATH, District Judge) adjourned for the purpose of giving the point stated mature consideration. Subsequently, the chief justice delivered the following as the opinion of the court:

TANEY, Circuit Justice. The point raised in this case is one of great interest and importance. The only decisions which appear to have been made in reference to the liability of mail carriers to arrest are those reported in U. S. v. Barney [Case No. 14,525] and U. S. v. Hart [Id. 15,316].—the first given by Judge Winchester, in the United States district court for the Maryland district; the second, by Judge Washington, in the United States circuit court for the circuit of Pennsylvania. These decisions seem to some extent conflicting. Regarding them in this light, we feel it our duty to follow the views expressed by Judge Winchester, the very distinguished judge who presided in the district court of Maryland, and who was therefore virtually our predecessor. We do not consider the warrant a justification to the officer. Yet the mere serving of the warrant would not render the party liable to an indictment under this law. But if, by serving the warrant, he detained the carrier, he would then be liable. We do not construe the term "wilfully" in the same sense as the traverser's counsel. If the traverser, by serving the warrant, detained the carrier, then he "wilfully" detained him

in the sense that word is used in the act of congress.

The jury found a verdict of guilty, and the traverser was fined one dollar and costs.

NOTE. Obstructing the mail by arrest of carrier. Civil process will furnish no justification for the arrest of a person carrying the mails. But the rule is different as regards criminal process. See U. S. v. Kirby, 7 Wall. [74 U. S.] 487, citing above case and approving this doctrine; and U. S. v. Three Railroad Cars [Case No. 16,513], where the same is discussed and questioned.